IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| SHENNON E. MARTINEZ, PRO SE, TDCJ-CID No. 1033296, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:06-CV-0052 |
| MARY M. MILLER, ED OWENS, and WARDEN BRUCE ZELLER, | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff SHENNON E. MARTINEZ, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against several defendants employed by the Texas Department of Criminal Justice and has been granted permission to proceed in forma pauperis.

Plaintiff filed his original complaint, cause no. 2:05-CV-0185, on June 24, 2005. He was subsequently allowed to amend that complaint and then was ordered to file an amended complaint on January 26, 2006. In response, plaintiff requested a six-month extension to enable him to finish a paralegal course before complying with the Court's Order. The motion for extension was denied. On March 13, 2006, plaintiff's claims against defendants MARY M. MILLER, ED OWENS, and WARDEN BRUCE ZELLER were severed into the instant cause.

Plaintiff's January 26, 2006 amended complaint supersedes his original complaint and renders it of no legal effect. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Boelens v.*

*Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).  Consequently, it is the January 26, 2006 amended complaint which forms the basis for this Court's review of plaintiff's claims.

In this suit, plaintiff sues prison officials at the Clements Unit in connection with conditions in lockdown and asserts claims against the Texas Department of Criminal Justice.

Plaintiff alleges that, on April 4, 2005, defendant OWENS ordered the Clements Unit be placed on "security lockdown" which lockdown included a confiscation of inmate property with gradual return of property and other privileges over the length of the lockdown.

Plaintiff alleges defendant ZELLER enforced the lockdown and, in so doing, retaliated against some or all of the prisoners for an incident which occurred May 5, 2004 and which was resolved by negotiation.  Plaintiff says that, at that time, ZELLER told inmates they would pay dearly the next time.  Plaintiff alleges defendant ZELLER "failed to exercise discretion" to allow inmates to keep their property during the lockdown.  Further, plaintiff says ZELLER was deliberately indifferent to the fact that confiscation of property "which inmates psychologically identify themselves with and use as theraputic [sic] curriculum to deal with their imprisonment" denied inmates access to the courts.

Plaintiff alleges that, after one week of lockdown, limited property privileges were returned to inmates in that hygiene, "partial legal work," and Bibles were returned; however, plaintiff's request for more of his property, that is, his paralegal course, legal books and "medical draft[1]," was denied.

---

[1]Plaintiff appears to allege this "medical draft" was the draft of a complaint concerning his medical care.

Plaintiff claims lockdown subjects him to cruel and unusual punishment because the confiscation of property constituted a denial of access to courts by delaying the filing of a contemplated lawsuit. Plaintiff sues defendant MILLER for implementing ZELLER's decision to deny plaintiff's request for extra property.

Lastly, although not included as a defendant on the docket of this case, plaintiff sues the TEXAS DEPARTMENT OF CORRECTIONAL [sic] JUSTICE for "a masquerade chickanery [sic] of security, order and rehabilitation . . ." and creating an "environment of draconian, inhumane, irrational, and unreasonable atmosphere that unlawfully punish inmates, without any proper procedure of disciplinary rules infraction . . . ." Plaintiff claims the defendant provides jobs for persons directly and indirectly employed by the prison system "in exchange for their support of TDCJ practice inhumane, irrational, unreasonable and barbarously draconian being applied to inmates in order to create the 'commidity [sic]' criminal mindset . . . that each of these professions survive off of."

Plaintiff requests injunctive relief, that TDCJ and its employees be held liable for its violations of access to courts and to the infirmary during lockdown, and an award of punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state

---

[2]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  Plaintiff has alleged no fact to indicate that the May 5, 2004, incident for which ZELLER allegedly retaliated constituted the exercise of a specific constitutional right by plaintiff.  In the absence of an allegation of the exercise of a specific constitutional right by plaintiff which triggered the alleged retaliation, plaintiff has failed to state a claim of retaliation on which relief can be granted.

---

[3]*Cf. Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

To the extent plaintiff claims the denial of all his property during the first week and the continued denial of some of his legal property[4] during the remainder of lockdown violated his right of access to the courts, a civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991). If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). Plaintiff has alleged only a delay in filing a claim concerning medical care, but does not state he filed such claim at the end of the lockdown period or that he suffered any actual prejudice in that suit. Thus, plaintiff has utterly failed to state a claim of denial of access to the courts.

Plaintiff appears to claim the complete or partial denial of property during lockdown subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Conditions of confinement rise to the level of an Eighth Amendment violation if they result in the deprivation of the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Plaintiff alleges the practice of lockdown "results in a state created enviroment [sic] that provokes anger, hate, resentment and sucidal [sic] thoughts . . . ." Plaintiff also argues "educational, radio, hot pots and hot meals are mentaly [sic] theraputic [sic] to inmates in prison generaly [sic] and have nothing to do with security and order, apart from this, inmates might rever [sic] these objects or education as their god . . . ." Plaintiff contends being confined in a cell for 24 hours a day and provided with a

---

[4]At page 10 of his January 26, 2006 Amended Complaint, plaintiff claims he was denied his paralegal course, the rest of his legal books, and his "medical rough drafts."

peanut butter and a bologna sandwich three times a day for a limited period also constitutes cruel and unusual punishment.

The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the "'minimal civilized measure of life's necessities." *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Whether the deprivation of food falls below this threshhold depends on the amount and duration of the deprivation.

Plaintiff has utterly failed to allege facts showing that the graduated system of the restoration of normal meals, property rights, and other privileges which was implemented during the lockdown period resulted in the deprivation of the "minimal civilized measure of life's necessities." *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991).

As former Chief Justice Rehnquist, writing as a Justice, remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological depression, and the like." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16, 101 S.Ct. 829, 831, 66 L.Ed.2d 785 (1981). Inmates may only expect that the society they once abused will provide them with constitutionally adequate confinement, not "the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988)(quoted with approval in *Wilson v. Lynaugh*, 878 F.2d 846, 849 n.5 (5th Cir. 1989).

Plaintiff has utterly failed to state a claim against defendants MILLER, OWENS, and ZELLER on which relief can be granted.

Lastly, plaintiff's allegations against the TEXAS DEPARTMENT OF CORRECTIONAL [sic] JUSTICE are too vague to state a claim of any sort against the Texas Department of Criminal Justice and are, in any event frivolous. The eligibility of the Texas Department of Criminal Justice for Eleventh Amendment immunity is settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Therefore, the Texas Department of Criminal Justice is not a "person" within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). Plaintiff's claim against the Texas Department of Criminal Justice is barred by sovereign immunity and, thus, lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff SHENNON E. MARTINEZ be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

7

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this __17th__ day of March, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

8